Jon Daryanani, Bar No. 205149
JDaryanani@perkinscoie.com
Jill L. Ripke, Bar No. 309501
Jripke@perkinscoie.com
Katelyn C. Sullivan, Bar No. 307421
KSullivan@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Attorneys for Defendant,
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

KAREN QUIGLEY, an individual,

Plaintiff,

v.

T-MOBILE USA, INC., a Delaware corporation; and DOES 1-50,

Defendant.

Case No. 8:21-cv-1200 JLS (KESx)

**DEFENDANT T-MOBILE'S APPLICATION TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Josephine L. Staton

Pursuant to Local Rule ("L.R.") 79-5-5.2.2(a), Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") hereby applies for leave of this Court to file documents under seal. The documents were designated as "Confidential" by Defendant pursuant to the Parties' Stipulated Protective Order, entered by this Court on November 8, 2021 (Dkt. No. 18) such that L.R. 79-5.2.2(a) governs T-Mobile's application. In particular, T-Mobile identifies the following portions of documents it proposes to be sealed:

1. Redacted portions of Exhibit 11 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgement, produced Confidentially as T-Mobile_Quigley000365-366, 000371-000372, which are true and correct excerpts from T-Mobile's Sales Incentive Compensation Program Document.

2. Redacted portions of Exhibit 13 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgement, produced Confidentially as T-Mobile_Quigley004564, 4574, which are true and correct excerpts from T-Mobile's Sales Incentive Compensation Plan.

3. Redacted portions of Exhibit 17 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgment, produced Confidentially as T-Mobile_Quigley004341-004343, which are true and correct excerpts of email correspondence containing customer account, marketing, pricing information, and proprietary business communications including the confidential terms of business deals.

4. Redacted portions of Exhibit 18 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgment, produced Confidentially as T-Mobile_Quigley004069-004071, which are true and correct excerpts of email correspondence containing customer account, business strategy, pricing information and the confidential terms of business deals.

5. Redacted portions of Exhibit 19 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgment, produced Confidentially as T-Mobile_Quigley000499-000501, which are true and correct excerpts of email correspondence discussing internal financial and business strategy regarding a specific customer as well as confidential correspondence with a customer regarding the customer's account and terms of their business deal.

6. Redacted portions of Exhibit 20 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgment, produced Confidentially as T-Mobile_Quigley000540-00547, which are true and correct excerpts of email correspondence discussing internal financial and business strategy, including information relating to T-Mobile's incentive compensation plan as well as the confidential terms of a specific business deal with a customer, including pricing information.

The purpose of this Application is to address confidential documents that are being submitted by T-Mobile in support of its Motion for Summary Judgment. The authority and grounds for sealing these documents are set forth below and in the Declaration of Katelyn Sullivan in Support of T-Mobile's Application to Seal (the "Sullivan Declaration"). All documents proposed to be sealed are T-Mobile's documents and (a) have previously been designated by Defendant as Confidential under the terms of the Stipulated Protective Order (Dkt. No. 18) entered in this matter; (b) contain information that requires protection for privacy reasons; and/or (c) contain confidential and/or trade secret information.

On April 27, 2022, T-Mobile's counsel met and conferred with Plaintiff's counsel. Plaintiff's counsel indicated he would not oppose the application. Plaintiff's counsel has since asked for additional details regarding the documents proposed to be filed under seal.

Pursuant to L.R. 79-5, T-Mobile has concurrently submitted with this application documents it proposes to be sealed. With respect to documents T-Mobile proposes to be sealed partially, a "redacted" and "unredacted" version has been provided. Proposed redactions are indicated in the "unredacted" versions of the documents T-Mobile proposes to seal by highlighting the text in yellow.

## I. LEGAL STANDARD

Despite the presumption of public access to documents filed with the court that are attached to dispositive motions, this court has discretion to seal documents where it determines that there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. *Nixon v. Warner Comm., Inc.*, supra, 435 U.S. 589, 598, 98 S.Ct. at 1306 (1978). Compelling reasons exist, and sealing of documents is appropriate, where the "disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678, n. 6 (9th Cir. 2010). "A compelling reason exists where public disclosure of proprietary business information could harm competitive standing or result in the improper use of the information by others who might circumvent investing their own time and resources." *Table de France, Inc. v. DBC Corp.*, No. EDCV19423JGBKKX, 2019 WL 6894521, at *2 (C.D. Cal. Oct. 18, 2019).

The documents that T-Mobile proposes to file under seal satisfy the applicable standard: (1) T-Mobile has narrowly tailored its request to seal documents or redacted portions of documents that are "privileged or protectable as a trade secret or otherwise entitled to protection under the law" and (2) there are "compelling reasons" for T-Mobile to not want this sensitive business information released to competitors or to the public. *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *1 (N.D. Cal. Aug. 2, 2016).

## II. COMPELLING REASONS EXIST TO SEAL THE REQUESTED DOCUMENTS

The documents Defendant requests to seal are confidential, contain proprietary business information, sensitive customer information and communications, trade secrets, and are designated "Confidential" by the Protective Order in this case. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x at 569–70 (citing *Restatement of Torts* § 757, cmt. b); *see also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir.1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret). Moreover, there are compelling reasons to seal the requested portions of T-Mobile's documents because the disclosure of the requested information would harm T-Mobile's competitive standing and/or allow its competitors to unfairly utilize such information to T-Mobile's disadvantage.

### A. Internal Financial and Business Strategy Documents

T-Mobile seeks permission to file the redacted portions of Exhibits 17-20 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgement under seal because such documents contain internal financial and business strategy documents. The records and files identified by T-Mobile contain highly sensitive customer information and trade secret information including T-Mobile's detailed business operations, practices, and financial information. The documents contain sensitive information regarding customer billing practices, pricing, customer specific financial information, and strategy. In addition, the documents contain information about the T-Mobile's daily business operations, marketing techniques, strategic plans and decisions, and finances that is confidential and not known in the market. Such documents constitute protected trade secrets for purposes of a sealing motion. This is because disclosure of confidential business

materials, including marketing strategies, sales data, and development plans could result in improper use by business competitors. *See e.g., In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (*quoting In re Apple Inc. Device Performance Litig.*, No. 5:19-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (granting Nike's application to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development"); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long-term financial projections, discussions of business strategy, and competitive analyses"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying the compelling reason standard and sealing "detailed product-specific financial information" and "profit, cost, and margin data" that "could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components").

There are also compelling reasons to seal the requested portions of the identified exhibits. In the first instance, T-Mobile takes steps to ensure all of this information is kept from the public. Sullivan Decl. ¶¶ 4, 11. Beyond this, the information is commercially sensitive and highly valuable to T-Mobile and it has not been previously disclosed. Should information regarding T-Mobile's pricing methodology, for instance, become available to T-Mobile's competitors, such

competitors could use the information to undercut T-Mobile, predict future strategies or practices, or re-structure their pricing methodologies in a way that would be harmful to T-Mobile's profitability. *See* Sullivan Decl., ¶¶ 4, 7-10, 12. Likewise, T-Mobile's marketing strategies and development plans regarding could be used to understand current and predict future strategies and practices, and would provide T-Mobile's competitors with information that is both commercially sensitive and valuable. *See* Sullivan Decl. ¶ 4, 12. If these specifically and narrowly identified records are not sealed, T-Mobile will be prejudiced by the public disclosure of documents relating to its internal financial and business strategy. *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 216CV00148KJMEFB, 2016 WL 6441665, at *2 (E.D. Cal. Nov. 1, 2016 ("If competitors knew the specifics of defendants' pricing, they could use the information to undercut defendants' pricing and make sales at defendants' expense.").

As established above, this information is sealable under L.R. 79-5 as protectable trade secret information and/or otherwise protectible by law.

**B. Customer-Related Information**

T-Mobile seeks permission to file the redacted portions of Exhibits 17-20 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgement under seal because such documents also contain customer names and related customer information, including details regarding specific customer accounts or sensitive customer communications, which qualify as a trade secret/confidential for purposes of a motion to seal. The customer names, and related information, are the result of T-Mobile's significant and targeted efforts over the years. Courts have found that "[a] customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties]

took reasonable steps to protect this information." *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No. 117CV01056DADBAM, 2018 WL 432654, at *3 (E.D. Cal. Jan. 16, 2018) (*quoting Mezzadri v. Med. Depot, Inc.*, No. 14–CV–2330–AJB–DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015)). This is particularly true where a party "has expended time and effort identifying customers with particular needs or characteristics," which are "to be distinguished from mere identities and locations of customers where anyone could easily identify the entities as potential customers." *See id.*; *see also B2B CFO Partners, LLC v. Kaufman*, No. CV 09–2158, 2011 WL 6297930, *3 (D.Ariz. Dec. 16, 2011) (permitting filing of customer lists under seal pursuant to compelling reasons standard). Highly confidential account details and communications between T-Mobile and its customers regarding the scope of their relationship are also non-public and could be harmful to business interests if publicly revealed.

Once again, there are compelling reasons to seal the requested portions of the identified exhibits. As an initial matter, T-Mobile goes to great lengths to protect its customer-related information that it has spent a significant amount of time and effort in developing. *See* Sullivan Decl. ¶¶ 7-9. While the names of institutions who may use wireless services are generally available, the specific needs, pricing details, and characteristics of the institutions are not readily available to the public and could be used by competitors to poach T-Mobile's customers. This information provides T-Mobile with a competitive advantage over its competitors in the industry who have not spent the time and effort to cultivate these relationships. *See* Sullivan Decl. ¶¶ 4-7-9, 12.

If these specifically and narrowly identified records are not sealed, T-Mobile will be prejudiced by the public disclosure of this confidential and trade secret information. *See E. & J. Gallo Winery v. Instituut voor Landbouw- en Visserijonderzoek*, No. 117CV00808DADEPG, 2018 WL 4090585, at *3 n.2 (E.D.

Cal. Aug. 27, 2018) (permitting filing of customer lists under seal because "the potential misuse of the customer lists could prejudice plaintiffs, and that this potential outweighs the general public's interest in understanding the judicial process."). As established above, this information is sealable under L.R. 79-5 as protectable trade secret information and/or otherwise protectible by law.

**C. Employee Compensation**

Finally, T-Mobile seeks permission to file the redacted portions of Exhibits 11, 13, and 20 to the Declaration of Lauren Johnson in Support of T-Mobile's Motion for Summary Judgement under seal because such documents regarding employee compensation constitute protectible, confidential information. Courts have granted applications to file documents related employee compensation because "[c]ompetitors could ... compete for employees by using non-public knowledge regarding [the employer's] employee compensation methods." *See eBay Inc. v. Boch*, No. 19-CV-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (granting application to seal information regarding employee compensation as confidential internal financial and business information); *see also Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014) (finding details about an employee-compensation plan "sources of business information that might harm [Defendant's] competitive standing" if revealed) (*quoting In re Elect. Arts*, 298 Fed. Appx. At 569)).

T-Mobile uses its Sales Incentive Compensation Program Document and Sales Incentive Compensation Plan as a key components of employee compensation and retention. Should the critical details of the sales incentive plan be publicly available, T-Mobile's competitors could easily use such information to lure away T-Mobile's employees or potential customers may use this information for their strategic gain. Sullivan Decl. ¶¶ 4-6. Thus, there are compelling reasons to seal the specifically and narrowly identified records pursuant to L.R. 79-5.

## III. CONCLUSION

Here, the facts establish that the parties' and non-parties' respective interests in maintaining the confidentiality of the records at issue overcomes the right of public access to the record. By sealing these records, the Court will be able to strike a balance of evaluating the evidence while protecting the rights of those impacted by the confidential information contained in that evidence. T-Mobile respectfully requests that the Court grant its motion to seal Exhibits 11, 13, and 17-20 to the Johnson Declaration in Support of T-Mobile's Motion for Summary Judgment.

Dated: May 6, 2022

**PERKINS COIE LLP**

By: */s/ Jon Daryanani*

Jon Daryanani, Bar No. 205149
Jill L. Ripke, Bar No. 309501
Katelyn C. Sullivan, Bar No. 307421

Attorneys for Defendant,
T-MOBILE USA, INC.